UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PEDRO HERNANDEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>SUB ENTERPRISES INC and JOEL REICH,<br><br>Defendants. | Case No.:<br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT** |

Plaintiff Pedro Hernandez ("Hernandez" or "Plaintiff"), individually, and on behalf of all others similarly situated, by and through his attorneys, Fisher Taubenfeld LLP, alleges against Defendant Sub Enterprises Inc. ("Sub") and Joel Reich ("Reich")(collectively "Defendants") as follows:

**NATURE OF THE ACTION**

1. This putative class and collective action arises under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA") against Defendant Sub and Defendant Reich for willfully failing to pay Plaintiff Hernandez and a collective of similarly situated employees applicable overtime rates.

2. This putative class and collective action also arises under Art. 6 of the New York Labor Law ("NYLL") against Defendant Sub and Defendant Reich for willfully failing to pay Plaintiff Hernandez and a class of similarly situated employees applicable overtime rates.

3. This putative class and collective action also arises under Art. 6 of the New York Labor Law ("NYLL") against Defendant Sub and Defendant Reich for willfully failing to pay Plaintiff Hernandez and a class of similarly situated employees applicable minimum wage rates

1

4. This putative class and collective action also arises under Art. 6 of the New York Labor Law ("NYLL") against Defendant Sub and Defendant Reich for willfully failing to proffer compliant wage notice and wage statements to Plaintiff Hernandez and a class of similarly situated employees.

5. By this action, Plaintiff, individually and on behalf of all others similarly situated, seeks actual and statutory damages, interest, costs, and reasonable attorneys' fees, as well as certification of this action as a class and collective action on behalf of himself and all others similarly situated.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action because it involves a question of federal law, 29 U.S.C. § 201 *et seq.*

7. This Court has supplemental jurisdiction over the state law claims because the state law claims are so related to the claims in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution pursuant to 28 U.S.C. § 1367.

8. Venue is proper in this District because Defendants conduct business in this district, and the acts and/or omissions giving rise to the claims alleged herein took place in this District.

## PARTIES

9. Defendant Sub is a domestic business corporation organized and existing under the laws of the State of New York. Upon information and belief, Defendant maintained its principal place of business at 435 Bellvale Road, Chester, New York 10918.

10. Defendant Joel Reich is an individual who directly or indirectly employed Plaintiff and the class/collective of similarly situated employees within the meaning of the FLSA and NYLL.

## **FACTUAL ALLEGATIONS**

11. At all times relevant herein, Defendant Sub went by the name Drip Drop Waterproofing and has operated a waterproofing business.

12. At all times relevant herein, Defendant Joel Reich has been the owner and operator of Drip Drop Waterproofing.

13. Defendant Reich operated Drip Drop Waterproofing for over 17 years.

14. According to the website of Drip Drop Waterproofing, www.dripdropwaterproofing.com, Defendant has performed over 10,000 waterproofing projects, including residential and commercial projects for customers in locations across New York and New Jersey.

15. Between April 2016 and March 2020, Drip Drop Waterproofing employed Plaintiff Hernandez as a waterproofing installer.

16. Defendant Reich interviewed and hired Plaintiff and set his rate and method of payment for work performed as a waterproofing installer.

17. Generally, Plaintiff's job duties consisted of driving a company truck with waterproofing equipment from a commercial shop located in Brooklyn, NY to a particular job site either in New York or New Jersey, performing waterproofing on the particular jobsite, driving the company truck and equipment back to the commercial shop, and cleaning the equipment for use for the following workday.

18. Generally, Plaintiff arrived at the shop and began working between 6 AM and 7 AM and completed his equipment cleaning duties at the end of the day between 4 PM and 5 PM, each day, Monday through Friday. On occasion, Plaintiff also worked a similar shift on the weekend.

19. Generally, Plaintiff took an hour lunch break only once or twice per week, and for a total of one or two weeks each year he did not take any lunch break at all.

20. Defendants utilized a time clock at the commercial shop to record Plaintiff's work hours.

21. Plaintiff used the time clock to clock in when he arrived at the commercial shop at the start of his shift and he used the time clock to clock out after he finished cleaning the equipment at the end of his shift.

22. Up and until October 2019, Defendants always paid him $800 per week by check regardless of the number of hours Plaintiff actually worked in a given workweek.

23. Starting October 2019 and up and until his separation in March 2020, Defendants paid Plaintiff $160 per day regardless of the number of hours Plaintiff actually worked in a given workweek.

24. At no time during Plaintiff's period of employment did Defendants provide Plaintiff with a NYLL-compliant wage notice or wage statements.

## COLLECTIVE ACTION ALLEGATIONS

25. Plaintiff brings his First Cause of Action individually and as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who opt-in to this action pursuant to 29 U.S.C. § 216.

26. The collective Plaintiff seeks to represent is defined as all persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case who worked as waterproofing installers and who were not paid the applicable overtime rate for all hours worked over 40 in a given workweek and who were not provided with NYLL-compliant wage notice or wage statement due to Defendants' common policy or practice of failing to pay the applicable overtime rates for all hours worked over 40 in a given workweek (the "FLSA Class").

27. At all relevant times, Plaintiff and the FLSA Class were similarly situated in that they had substantially similar and/or identical job duties and have been subjected to Defendants' common pay practices, policies, programs, procedures, protocols and plans which resulted in Defendants willfully failing and refusing to pay them the applicable overtime rate for all hours worked over 40 in a given workweek.

28. Upon information and belief, there are at least 50 FLSA Class members.

29. The FLSA Class is readily identifiable and locatable through Defendants' records.

30. In this action, Plaintiff will seek permission to send notice of this instant action to the FLSA Class to permit them an opportunity to opt-in to this action pursuant to 29 U.S.C § 216.

31. Annexed hereto as **Exhibit 1** is Plaintiff's consent to sue form pursuant to 29 U.S.C. § 216.

## CLASS ACTION ALLEGATIONS

32. Plaintiff brings his Second, Third, and Fourth Causes of Action individually and as a class action under Fed. R. Civ. P. 23 on behalf of all similarly situated persons.

33. The class Plaintiff seeks to represent is defined as all persons who are or were employed by Defendants or any of them, on or after the date that is six years before the filing of the complaint in this case who worked as waterproofing installers and who were not paid the applicable overtime rate for all hours worked over 40 in a given workweek and who were not provided with NYLL-compliant wage notice or wage statement due to Defendants' common policy or practice of failing to pay the applicable overtime rates for all hours worked over 40 in a given workweek (the "NYLL Class").

34. Upon information and belief, the NYLL Class consists of not less than 50 persons.

35. There are questions of law and fact common to the NYLL Class which predominate over any questions affecting only individual members, including whether Defendants failed to pay

Plaintiff and the NYLL Class the applicable overtime rate for all hours worked over 40 in a given workweek, whether an exception to the NYLL overtime provision applies given the job duties of the Plaintiff and the NYLL Class, whether the Defendants proffered NYLL-compliant wage notices and wage statements to Plaintiff and the NYLL Class, and whether Defendants acts and omissions were willful or in reckless disregard of the law.

36. The claims of Plaintiff are typical of the claims of the NYLL Class in that the Plaintiff and all of the members of the NYLL Class have been similarly affected by the acts and practices of Defendants and the Plaintiff and the NYLL Class performed the same job duties.

37. Plaintiff will fairly and adequately protect the interests of the members of the NYLL Class because his interests are in line with and not adverse to the interests of other members of the class.

38. Plaintiff has retained counsel that is experienced in the area of wage and hour law and class action litigation.

39. Bringing these claims as class action rather than as 50 or more individual actions is superior to the other available methods for the fair and efficient adjudication of the controversy under the standards of Fed.R.Civ.P.23(b)(3).

### FIRST CAUSE OF ACTION
**Overtime Wage Violations under the Fair Labor Standards Act of 1938**
**As Against all Defendants**

40. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

41. During the applicable statute of limitations period, Plaintiff and the FLSA Class regularly worked more than 40 hours in a given work week for Defendants.

42. During the applicable statute of limitations period, Defendants willfully failed to pay Plaintiff and the FLSA Class wages at the applicable overtime rate for all hours worked over 40 in a given work week.

43. As a result, Plaintiff and the FLSA Class seek actual and statutory damages, interest, costs, and reasonable attorneys' fees as provided by FLSA, as well as such other legal and equitable relief as this Court deems just and proper.

### SECOND CAUSE OF ACTION
**Overtime Wage Violations under Art. 6 of the New York Labor Law
As Against all Defendants**

44. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

45. During the applicable statute of limitations period, Plaintiff and the NYLL Class regularly worked more than 40 hours in a given work week for Defendants.

46. During the applicable statute of limitations period, Defendants willfully failed to pay Plaintiff and the NYLL Class wages at the applicable overtime rate for all hours worked over 40 in a given work week in violation of the NYLL.

47. As a result, Plaintiff and the NYLL Class seek actual and statutory damages, interest, costs, and reasonable attorneys' fees as provided by NYLL, as well as such other legal and equitable relief as this Court deems just and proper.

### THIRD CAUSE OF ACTION
**Wage Notice Violations under Art. 6 of the New York Labor Law
As Against all Defendants**

48. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

49. At no time during Defendants' employment of Plaintiff and the NYLL Class did Defendants proffer NYLL-compliant wage notices to Plaintiff or the NYLL Class pursuant to § 195(1) of the NYLL.

50. As a result, Plaintiff and the NYLL Class seek actual and statutory damages, interest, costs, and reasonable attorneys' fees as provided by NYLL, as well as such other legal and equitable relief as this Court deems just and proper.

## FOURTH CAUSE OF ACTION
### Wage Statement Violations under Art. 6 of the New York Labor Law
### As Against all Defendants

51. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

52. At no time during Defendants' employment of Plaintiff and the NYLL Class did Defendants proffer NYLL-compliant wage statements to Plaintiff and the NYLL Class pursuant to § 195(3) of the NYLL.

53. As a result, Plaintiff and the NYLL Class seek actual and statutory damages, interest, costs, and reasonable attorneys' fees as provided by NYLL, as well as such other legal and equitable relief as this Court deems just and proper.

## RELIEF SOUGHT

WHEREFORE, Plaintiff, individually and behalf of the FLSA Class and NYLL Class respectfully seeks the following relief:

a. An order certifying this action as a collective action under 29 U.S.C. § 216;

b. An order certifying this action as a class action under Fed. R. Civ. P. 23;

c. An order certifying Plaintiff as representative of the FLSA Class and NYLL Class;

d. An order certifying Plaintiff's counsel as counsel for the FLSA Class and NYLL Class;

e. An order granting permission to Plaintiff to disseminate notice of the instant action to the FLSA Class and NYLL Class;

f. An order granting permission to Plaintiff to disseminate notice to the FLSA Class regarding the procedure to opt-in to this action under 29 U.S.C. § 216;

g. An order awarding actual damages under the FLSA and/or NYLL;

h. An order awarding statutory damages under the FLSA and/or NYLL;

      i. An order awarding prejudgment interest;

      j. An order awarding Plaintiff's costs and reasonable attorneys' fees; and

      k. All other relief the Court deems just and proper.

Dated: April 7, 2021
      New York, New York

                                            Respectfully submitted,

By:     _____
           Michael Taubenfeld, Esq.
           FISHER TAUBENFELD LLP
           225 Broadway, Suite 1700
           New York, New York 10007
           Phone: (212) 571-0700
           Facsimile: (212) 505-2001
           Email: michael@fishertaubenfeld.com
           *ATTORNEYS FOR PLAINTIFF*



**AUTORIZACIÓN PARA DEMANDAR BAJO LA LEY FEDERAL DE NORMAS RAZONABLES DE TRABAJO**

Soy un individuo que fue empleado de Drip Drop Waterproofing o de entidades relacionadas. Autorizo ser demandante en una acción para recolectar sueldos impagos. Acepto cumplir con los términos del Contrato de Prestación de Servicios Profesionales que firmé para este caso.

NOMBRE

FIRMA

3-23-21

FECHA

**CONSENT TO SUE UNDER FEDERAL FAIR LABOR STANDARDS ACT**

I am an individual who was formerly employed by Drip Drop Waterproofing and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Professional Services Agreement signed by me in this case.

_____
SIGNATURE

_____3-23-21_____
DATE


I hereby declare that I am fluent in both the Spanish and English languages and that English translation of the above Consent to Sue form is a true translation of the Spanish Consent to Sue form signed by Pedro Hernandez.

_____
MATTHEW VASQUEZ